**Robert D. LOGAN, Appellant,**

v.

**Ari SUSMAN, Appellee.**

**No. 4559.**

Court of Civil Appeals of Texas,
Eastland.

Oct. 20, 1972.

Rehearing Denied Nov. 17, 1972.

Richard S. Geiger, Ewing & Geiger, Dallas, for appellant.

Harold B. Berman and Linda Whitley, Berman, Fichtner & Mitchell, Dallas, for appellee.

WALTER, Justice.

Ari Susman filed suit against Robert D. Logan to recover the earnest money deposit in accordance with the terms of a written contract dated December 18, 1968, for the sale and purchase of a fifty-six unit residential apartment complex. Logan refused to consummate the sale. In addition to the $2,000 cash deposit the purchaser, Logan, executed a note in the principal sum of $8,000, which note provided:

"This note is given as escrow deposit on purchase of 56 unit Conquistador Apt. Contract dated 18 Dec. 1968"

Susman recovered judgment for $10,800 and Logan has appealed and contends that the court erred in holding as a matter of law that the contract provision for liquidated damages included not only the cash deposit but also the $8,000 note. We are of the opinion that the court was correct in

holding that it was the intention of the parties that the contract provision for liquidated damages included not only the cash deposit but also the promissory note.

"If two or more written instruments make up a single transaction, all of them must be construed together. For example, if certain instruments are executed at the same time, for the same purpose, and in the course of the same transaction, they are to be considered as but one instrument and must be read and construed together. In such a case, parol evidence is admissible to connect the instruments and explain any conflict that may exist between them. Again, if one instrument is made a part of another by reference, both instruments must be read and construed together." 13 Tex.Jur.2d, Contracts § 116.

The record conclusively shows that the contract of sale consisted of the contract which provided for $2,000 as earnest money and the note for $8,000 which has written on its face the above quoted language. The contract of sale refers to the Conquistador Apartments and the note refers to the Conquistador Apartments. The contract is dated December 18, 1968, and the note provides that it is given as an escrow deposit on such contract dated December 18, 1968. We are of the opinion that the two written instruments made up a single transaction and were properly construed together.

We have considered both of appellant's points and find no merit in them. They are overruled.

The judgment is affirmed.